No. 33,742

THE CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *Appellee*,
v. GUS BOOMIS AND PAULINE BOOMIS, His Wife, *Appellants*.

(78 P. 2d 19)

Opinion filed April 9, 1938.

*Harold Medill* and *Joe W. Moss*, both of Independence, for the appellants.
*John Bertenshaw* and *Kirke C. Veeder*, both of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a mortgage. Judgment was for plaintiff. On the motion to confirm the sale the period of redemption was fixed at six months. Defendants appeal from the order fixing the period of redemption.

There was evidence pro and con, both oral and documentary. The essential facts, however, are not in dispute. On October 26, 1926, defendants entered into a contract with Carl and Virginia Ziegler for the purchase of the real estate in question. At the time of the execution of the contract defendants made a down payment of $6,000 cash; the balance was to be paid in yearly payments. The Zieglers executed their deed to the property and placed it in escrow to be delivered to defendants after they had made certain payments. The purchase price named in the deed was $29,500. Subsequently, due to difficulty in finding a tenant for the building, additional transactions were had between the Zieglers and defendants. One W. E. Ziegler agreed to spend $14,000 on repairs for the building. Under this agreement Ziegler spent $14,000, and defendants, $7,227, making $21,227 spent on repairs. At the same time a supplemental contract was entered into between Carl and Virginia, on one hand, and defendants on the other. This contract recited that W. E. Ziegler had furnished $14,000 for these repairs; that defendants had given their promissory note to W. E. Ziegler

for this amount and had agreed to pay this at the rate of $500 a month until the entire amount had been paid; that to secure this note defendants had given W. E. Ziegler a mortgage on their home and had assigned the rentals on the property in question to W. E. Ziegler. In this contract Carl and Virginia Ziegler agreed to defer the date of the payment due under the original contract on September 18, 1927, and the one due September 18, 1928, until September 18, 1936 and 1937, respectively. It was also provided that after the $14,000 note was paid to W. E. Ziegler the rentals accruing from the real estate should be deposited in a bank to the credit of Carl and Virginia Ziegler until the purchase price was paid. This $14,000 note was entirely paid by defendants from the rentals received from the property. It is clear that while the real estate in question was in the name of Carl and Virginia Ziegler it, as a matter of fact, belonged to a sister of Carl as part of the estate of their grandmother, and that the $14,000 furnished by W. E. Ziegler was derived from the same estate. The original contract between Carl and Virginia, on one hand, and defendants on the other, and the subsequent contract between the same parties and the contract between W. E. Ziegler and defendants were all parts of the same transaction and entered into for the common benefit of all parties. On September 22, 1930, defendants borrowed $27,400 from the Monarch Investment Company. This loan was evidenced by two notes, one for $1,400 and one for $26,000. Both these notes were secured by a mortgage on the property. The latter sum was paid to the Zieglers upon the original contract of purchase. Of this $26,000 note, $1,950 was paid upon the principal and $7,952 was paid upon the interest. This note and mortgage were subsequently transferred to the plaintiff in this case. When the mortgage became in default it was foreclosed with the result that has been noted. On the hearing of the motion to confirm the sale the court made findings of fact and conclusions of law. In these findings the court treated the purchase price as set out in the original contract, the down payment of $6,000, the amount of the mortgage, and the payments on its principal as the only elements to be considered. If that theory be the correct one, then one third of the purchase price of $29,400 is $9,800, and since $6,000 plus $1,950 equals only $7,950, one third of the purchase price was not paid, and if the mortgage be held to be a purchase-money mortgage then the trial court was correct.

Defendants argue here that more than one third of the purchase

price was paid and that the mortgage was not given to secure the purchase price of the real estate. After the court made its findings of fact and conclusions of law defendants made a motion to set them aside. This motion was overruled. Judgment was entered for plaintiff fixing the period of redemption at six months. The appeal is from that order.

Plaintiff raises the point that defendants did not file any motion for a new trial—hence cannot raise in this court on appeal any question touching on the sufficiency of the evidence, the propriety of the findings made and those refused. It is not necessary for the defendants to file a motion for a new trial after a hearing on a motion to confirm. (See *Federal Land Bank v. Richardson*, 146 Kan. 803, 73 Pac. 1005.) Such a hearing is not a trial such as requires the filing of a motion for a new trial in order to enable this court to consider the correctness of the result reached.

This is a case where there is but little difference in the evidence. The difficulty is as to the effect to be given the proven facts. There is no dispute but that the purchase price of the property, as named in the deed and in the original contract, was $29,500. There is no dispute but that $6,000 was paid in cash at the time the parties entered into the contract. There is no dispute but that defendants borrowed $14,000 and put it into the building. There is no dispute but that this $14,000 was paid by defendants before the mortgage here foreclosed was given. The supplemental contract between the Zieglers and defendants recited all the facts as to the $14,000 payment. The original contract cannot be considered separately from the supplemental one. When this is done we have no trouble in reaching the conclusion that the trial court should have found that the purchase price of this property was $43,500. Once this conclusion is reached, we are led to a further conclusion that the $14,000 spoken of in the evidence was paid on the purchase price. This with the $6,000 paid at the time the contract was entered into makes $20,000 paid on the purchase price. One third of $43,500 is $14,500, hence much more than one third of the purchase price of the property was paid. The period of redemption should have been fixed at eighteen months rather than six.

The judgment of the trial court is reversed with directions to fix the period of redemption at eighteen months.